**EXHIBIT G - PLAINTIFF'S INTERROGATORY NO. 8 AND DEFENDANTS' RESPONSE**

**Interrogatory No. 8.**

With respect to the database identified in response to Interrogatory #7: (a) describe the archiving method used to retain off-line copies of the database; (b) state the latest date on which an archived copy of the database is available that contains a copy of the Article and/or a database record referring to it; (c) identify all persons who participated in adding the Article to the database and/or have knowledge of its addition; (d) identify all persons who participated in removing the Article from the database and/or have knowledge of its removal; (e) the date(s) on which the file containing the Article and/or a database record referring to it was added to the database; (f) the date(s) on which the file containing the Article and/or a database record referring to it was modified; (g) the date(s) on which the file containing the Article and/or a record referring to it was deleted; (h) the date(s) on which a link between the file containing the Article or a database record referring to it and/or a TechWeb web page was created; and/or (i) the date(s) on which a link between the file containing the Article, or a database record referring to it and a TechWeb web page was disabled.

*CMP objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. CMP further objects to the term "database record" as vague and ambiguous. CMP construes this term to mean a record from the database in which the Article was stored. CMP further objects to the term "off-line copies" as vague and ambiguous. Subject to the foregoing general and specific objections, CMP states the following:*

(a) *There is no archiving method to retain copies of the database.*

(b) *There are no archived copies of the database; there are no database records referring to the Article.*

(c) *No individual participated in or has knowledge of adding the Article to the database, as this was done through an automated process.*

(d) *Richard Wallace, CMP; Sandra Grayson, CMP; and Craig Siegelson, CMP.*

(e) *The file containing the Article was added to the database in or about April 1997.*

(f) *The Article was not modified.*

(g) *The Article was removed in or about August 2002.*

(h) and (i): *CMP lacks information sufficient to respond to this portion of Interrogatory No. 8.*

LOS ANGELES
MIAMI
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.

BERLIN
BRATISLAVA
BRUSSELS
BUDAPEST
DRESDEN
DÜSSELDORF
FRANKFURT
HAMBURG
HELSINKI
ISTANBUL
LONDON
MILAN
MOSCOW
PARIS
PRAGUE
ROME
STOCKHOLM
WARSAW

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-2787

TELEPHONE: (1-212) 819-8200
FACSIMILE: (1-212) 354-8113

DIRECT DIAL: (212) 819-8307
E-MAIL: cglancy@whitecase.com

ALMATY
ANKARA
BANGKOK
BOMBAY/MUMBAI
HO CHI MINH CITY
HONG KONG
JAKARTA
SHANGHAI
SINGAPORE
TOKYO

JEDDAH
RIYADH

MEXICO CITY
SÃO PAULO

JOHANNESBURG

March 25, 2003

BY HAND

Hon. Holly B. Fitzsimmons
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

Re:  Weinberg v. CMP Media Inc., et al., Civ. No. 302 CV 1242 (JCH)

Dear Judge Fitzsimmons:

     We write to inform the Court of a matter that has recently come to our attention and that of our clients, defendants CMP Media LLC, CMP Media Inc. and Electronic Engineering Times (collectively "CMP"). On July 22, 2002, the Court issued an Order granting plaintiff's Motion for Preservation of Evidence (the "Order"). The Order directed CMP to preserve any electronic data or information that CMP had relating to any article written by plaintiff. By its terms, the Order was effective upon service.

     On or about August 13, 2002, Plaintiff's counsel faxed a copy of the Order to CMP's local counsel, Joseph Martini of Pepe & Hazard LLP. Plaintiff's counsel did not serve the Order by regular mail as required by Local Rule 7(h) [renumbered as Local Rule 5(f) effective January 1, 2003].[1] Nor did plaintiff's counsel send a copy of the Order to CMP's lead trial counsel, White & Case LLP. At the time of plaintiff's fax, Mr. Martini was on vacation and his secretary simply filed the faxed copy of the Order without informing Mr. Martini of its existence. Because plaintiff's counsel did not also serve the Order by mail, as required, CMP's counsel did not receive actual notice of the Order until November 4, 2002, when we received a copy of

---

[1] Local Rule 7(h), "Service by Facsimile Copy," provides that "[c]opies of pleadings may be served on counsel through use of a facsimile machine, provided that service of a typewritten copy of the identical pleading is made simultaneously by regular mail."

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

Hon. Holly B. Fitzsimmons
Page 2

plaintiff's Proof of Service (which confirms that service was made by fax only). Copies of the Order and Proof of Service are enclosed for your reference.

Upon receiving the Proof of Service, CMP took immediate steps to comply with the Order and preserve all existing electronic data relating to plaintiff's articles. CMP also took steps to investigate what, if any, relevant data may have been lost due to the delay in becoming aware of the Order. Our investigation led us to the conclusion that no data relating to any of plaintiff's articles had been lost for the following reasons. CMP maintains a tracking system that collects and reports detailed information about visitors to various pages within CMP's websites. Because this data is voluminous and costly to maintain, the data is only retained for the prior 13-month period. Detailed data older than 13 months is automatically purged from CMP's computer systems. Because CMP did not become aware of the Order until November 4, 2002, detailed data was preserved from October 1, 2001 forward. Because of the three-month delay in receiving notice of the Order, detailed data for the months of July, August and September of 2001 was lost.

However, CMP also retains summary page view data for historical purposes. This summary data is not purged and generally reports on the URL[2] for the file, the number of times the file was accessed by an Internet user on a given date ("hits"), and the date of access. After CMP received the complaint, and again after receiving the Order, CMP conducted searches of this summary data to determine whether there were any hits to plaintiff's articles. These searches revealed no references to any of plaintiff's articles. We determined from available information that (1) plaintiff's articles were never posted to any CMP website; (2) in 1997 CMP scanned all of its print articles, including plaintiff's articles, into electronic form to create an internal search archive for its various print magazines; (3) at that time, plaintiff's articles were retrievable through a search of the CMP electronic archive performed at CMP's *TechWeb* website; and (4) page view data relating to plaintiff's articles was aggregated with data from many other articles searched through *TechWeb* by CMP's web traffic reporting system and not separately reported. Based on our investigation in November, after receipt of the Order, we believed that no detailed information existed for any article authored by plaintiff.

Upon further investigation prompted by the mediation conference with Your Honor, we learned that CMP's electronic tracking database contains information concerning a handful of unsuccessful attempts by Internet users to access one of plaintiff's articles. The log records from October 2001 to March 2003 show that these unsuccessful attempts did not result in the copying or display of plaintiff's article, however, because the article was not accessible to the public at that time. It is possible, therefore, that the missing log data for July, August and September of 2001 would contain similar information on unsuccessful attempts to access this article.

---

[2] A "URL" or "Uniform Resource Locator" is the web address for a specific electronic file. For example, the URL for this Court's Local Rules is *http://www.ctd.uscourts.gov/toppage5.htm*.

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

Hon. Holly B. Fitzsimmons
Page 3

    While we regret the inadvertent loss of data, CMP did not violate the Order because the Order, which became effective upon service, was never properly served. We must stress that had plaintiff's counsel complied with its service obligations, CMP would have received proper notice and complied with the Order in August 2002 instead of November 2002. Given the circumstances, however, we believed that this information should be brought to the Court's attention. Since receiving the Order, CMP has taken all steps necessary to fully comply with the Court's instructions.

                                                Respectfully submitted,

                                                Christopher J. Glancy

<u>Enclosures</u>

CJG:dmo

cc:    Hon. Janet C. Hall (by hand)

        Alan Neigher, Esq. (by facsimile)
        Joseph Martini, Esq. (by facsimile)
        Robert L. Raskopf, Esq.

United States District Court
District of Connecticut
FILED AT BRIDGEPORT

_____ 19, 200_
Kevin F. Rowe, Clerk
By _____
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------X
JANICE WEINBERG            :
                           :
        Plaintiff          :
                           :    CIV NO.
    v.                     :    302CV1242 JCH
                           :
CMP MEDIA INC., CMP MEDIA, LLC, :
GARBAN INTERCAPITAL SERVICES, INC. :
and ELECTRONIC ENGINEERING TIMES :
                           :
        Defendants         :
---------------------------------X

### MOTION FOR PRESERVATION OF EVIDENCE

The plaintiff, Janice Weinberg, respectfully moves for an order of this Court, pending hearing on her motions for temporary and permanent injunction pursuant to the Prayer for Relief (B.) (ii) (a) and (b), prohibiting defendants and their agents, employees and designees from altering, deleting, destroying, disposing of or tampering with

(a) any media or electronic information relating to any articles written by plaintiff, including, but not limited to, hard disk media, archiving media and media used for purposes of backing up electronic information for the period October 29, 1996 through January 1, 2002. Electronic information

[Handwritten margin note: Motion granted. Plaintiff must serve this order on defendants to be effective. Evidence of service shall be filed in the Clerk's Office. Defendant may respond to plaintiff's underlying this order no longer as the within 30 days of service. So Ordered. Janet C. Hall]

applicable to this request for equitable relief includes, but is not limited to, Internet server log files, statistics and other data collected as a result of visits Internet users made to any of the defendants' websites, and/or

(b) any invoices or other documentation pertaining to licensing, advertising, strategic alliances, list rentals (including e-mail) or any other transactions by the defendants that involved either any article written by the plaintiff, or any persons, whether individually or on an aggregated basis, who visited any article written by the plaintiff on any of the defendants' websites.

It is respectfully urged that the foregoing relief is necessary to preclude the destruction or disposition of these items pending hearing on plaintiff's temporary and permanent injunction, as set forth in the Prayer for Relief.

>THE PLAINTIFF
>JANICE WEINBERG
>
>By: _____
>ALAN NEIGHER – Fed. ID ct-00134
>BYELAS & NEIGHER
>1804 Post Road East
>Westport, CT 06880
>203/259-0599